UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALZADA,<br><br>        Petitioner,<br><br>   v.<br><br>B.M. TRATE, Warden,<br><br>        Respondent. | No.  1:22-cv-01471-HBK (HC)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE |

      Petitioner Martin Calzada ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 14, 2022, while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition claims the Bureau of Prisons ("BOP") "failed to timely calculate and apply First Step Act (FSA) Earned Time Credits (ETC) which is holding petitioner's transfer to home confinement or halfway house under pertinent authorities and policies.  If and when the BOP properly applies all earned FSA credits through the present, petitioner's date should move up substantially and be eligible for Residential Reentry Placement (RRC)." (Doc. No. 1-1 at 2); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  As relief, Petitioner asks the Court to "order BOP to apply "ALL"

1

FSA ETC effective immediately so that Petitioner can be released from his custodial sentence at SCP Atwater; and that all credits be applied towards Pre-release custody." (Doc. No. 1-1 at 4). On April 5, 2023, Respondent filed a Motion to Dismiss the Petition for several reasons, including lack of jurisdiction, failure to state a claim, and failure to exhaust his administrative remedies. (Doc. No. 10).

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Here, Petitioner challenges the BOP's calculation of earned time credits pursuant to the FSA, and specifically demands release to prerelease custody. (Doc. No. 1). However, the Court's *sua sponte* search of the BOP inmate locator database indicates that Petitioner is currently located at RRM (Residential Reentry Management) in Long Beach, California.[1] Because it

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited Oct. 19, 2023). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at

appears that Petitioner has received the relief requested in the Petition – release from his custodial sentence at USP Atwater and transfer to home confinement or a halfway house – the Court must determine whether this action is moot.

Accordingly, it is **ORDERED**:

1. Within **fourteen (14) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot as Petitioner appears to have been transferred to home confinement or a halfway house.  Petitioner may file a response within **fourteen (14) days** of the service of Respondent's supplemental briefing.

2. The Clerk of Court is directed to update Petitioner's address based upon the BOP Inmate Locator as follows: RRM Long Beach, 1299 Seaside Avenue, San Pedro, California, 90731.

Dated:    October 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

*3 (E.D. Cal. Feb. 26, 2010).