UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALZADA,<br><br>            Petitioner,<br><br>    v.<br><br>B.M. TRATE, Warden of SCP Atwater,<br><br>            Respondent. | No. 1:22-cv-01471-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 10) |

Petitioner Martin Calzada ("Petitioner"), a federal prisoner, initiated this action on November 14, 2022, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at United States Penitentiary ("USP") Atwater, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition claims the Bureau of Prisons ("BOP") failed to apply "all" his First Step Act (FSA) Earned Time Credits (ETC) and seeks an order "directing the BOP to apply FSA ETCs towards the maximum amount of reduction in sentence and any remaining ETC's to be applied toward maximum amount of 'pre-release custody' such as home-confinement or halfway house." (Doc. No. 1 at 3); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 9).

applied toward time in prerelease custody or supervised release).

On April 5, 2023, Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction and Petitioner failed to exhaust his administrative remedies. (Doc. No. 10). On October 23, 2023, the Court ordered (1) Respondent to submit supplemental briefing addressing whether the action is moot as it appeared Petitioner received the relief requested in the Petition – release from his custodial sentence at USP Atwater and transfer to home confinement or halfway house; and (2) update Petitioner's address to the "RRM" (residential reentry management facility) address based upon the BOP inmate locator. (Doc. No. 11). On November 2, 2023, the Order for supplemental briefing directed to Petitioner at the updated address was returned as "undeliverable, not deliverable as addressed."[2] (*See* docket). On November 6, 2023, Respondent filed a supplement to the Motion to Dismiss, restating the arguments made in the pending motion to dismiss and confirming that on October 3, 2023 Petitioner "furlough transferred from FCI-Terminal Island (formal BOP custody) to a Community Confinement Center (informal BOP custody)." (Doc. No. 12).

For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss.

**I. BACKGROUND**

**A. Procedural History**

In 2017, Petitioner was found guilty after jury trial in the Eastern District of California for conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and eight counts of mail fraud in violation of 18 U.S.C. § 1341; and he was sentenced to serve an aggregate term of 108 months of federal incarceration. *See United States v. Calzada*, 1:15-cr-00355-LJO-SKO-1, Crim. Doc. Nos. 53, 65, 66 (E.D. Cal.).[3] At the time Petitioner filed the Petition, he was incarcerated in USP Atwater. However, after Petitioner filed the instant Petition demanding a recalculation of his earned time credit under the First Step Act, BOP completed an FSA review of Petitioner's

---

[2] The Court further notes that Petitioner failed to comply with his obligation under Local Rule 183(b) to keep the Court informed of his proper address.

[3] The undersigned cites to the record in Petitioner's underlying EDCA criminal cases as "Crim. Doc. No. _."

sentence, released him from his custodial sentence at USP-Atwater on October 3, 2023, and transferred him to a Community Confinement Center. (Doc. No. 12 at 2; Doc. No. 12-1 at 2). Petitioner has an advanced FSA projected release date of December 5, 2023. (Doc. No. 10-1 at 11).

### B. The First Step Act

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). One such reform under the First Time Act entailed the implementation of Federal Time Credits ("FTCs"). 18 U.S.C. § 3632(d)(4)(A). Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." *Id*. These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release." *Id.*

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score. *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022). Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs). 18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018. 28 C.F.R. § 523.42. An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022. *Id*.

////

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A.  Mootness**

Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted).  Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961).  To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought." *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it

is "impossible for a court to grant any effectual relief" on petitioner's claim).

Here, Petitioner has received the relief he has requested in the Petition: calculation and application of his FSA credits resulting in release from his custodial sentence at USP Atwater and transfer to "pre-release custody." (*See* Doc. Nos. 1, 12). Thus, the Petition is moot. Because the Petition is moot, the Court lacks jurisdiction to consider any merits of the claims raised in the Petition.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED.
2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.
3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:   November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE